## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE


DELAWARE RIVER & BAY
AUTHORITY

                                        C. A. No. 07-008

        v.

JAN D. KOPACZ


## ANSWER WITH COUNTERCLAIM


        Defendant, Jan D. Kopacz, answers the Summons and Complaint of Plaintiff, Delaware

River and Bay Authority (hereafter"DRBA"), upon information and belief, as follows:

        1-5.    Admitted.

        6.    Denied.  Defendant admits that the corporate policy of DRBA was that seamen
employees who were injured while subject to the call of their vessel would be paid maintenance
at the rate of 100% of their base wages for 90 days and 60% of their base wages thereafter until
they reached maximum medical improvement.  The means by which seamen were paid 60% of
their base wages after 90 days is irrelevant to DRBA's obligation to pay maintenance and cure,
especially since the insurance policy covers non-seamen DRBA employees as well as seamen
employees.  The policy is simply one of the benefits which DRBA provides to all of its
employees, and it was not obtained just to apply to maintenance obligations.

        7.    Denied.  Defendant does not know who paid his medical expenses but believes that
not all of them were paid.

        8.    Admitted and denied.  Admitted only to the extent that this paragraph quotes the
Social Security letter, which speaks for itself, accurately.  Otherwise, the paragraph is denied.

        9.    Admitted.

        10.    Denied.  The terms of the LTD policy are in dispute; are not before the Court and
are irrelevant to DRBA's maintenance obligation, so defendant denies this paragraph in its
entirety.

11.    Denied.  The letter from The Hartford speaks for itself, and it states quite clearly that The Hartford would make no further monthly payments until defendant paid it $16,607.92, so Paragraph 11  is clearly in error and is denied.

12.    Denied as stated.  There is a dispute between defendant and The Hartford which is not completely set forth in paragraph 12 , so paragraph 12 is denied as inaccurate.  Furthermore, the dispute between defendant and The Hartford is not before this Court and is irrelevant to DRBA's obligation to pay Kopacz maintenance and cure concurrently with the need.

13.    Denied.  Paragraph 13 is an inaccurate statement of the general maritime law and is therefore denied.

14.    Denied.  Paragraph 14 is an inaccurate statement of the facts and is therefore denied.

15.    Denied.  Paragraph 15 is an inaccurate statement of the general maritime law and is therefore denied.

16.    Denied.  Paragraph 16 is an inaccurate conclusion of law, and the LTD policy and the dispute thereunder are completely irrelevant to DRBA's obligation to pay maintenance and cure concurrently with the need.

17.    Denied.  Kopacz has not yet reached maximum medical improvement, so Paragraph 17 is denied.   DRBA has agreed to pay cure, so it makes no sense for DRBA to pay cure but not maintenance when both are concurrent obligations.

18.    Denied.  As set forth in his Affirmative Defenses defendant avers that there is no justiciable case or controversy before the Court on DRBA's statement of the claim it is attempting to make; the facts set forth by DRBA do not constitute a legally recognizable defense to a maintenance and cure claim;  DRBA has failed to join an indispensable party; the insurance contract dispute is not before the Court and is irrelevant to DRBA's obligation to pay maintenance and cure concurrently with the need; and the Court should enter judgment for defendant on his counterclaim, which is the only justiciable case or controversy before the Court.

**AFFIRMATIVE DEFENSES**

19.    The Complaint fails to set forth a claim for relief.

23.    The Complaint fails to set forth a justiciable case or controversy but seeks an advisory opinion on an insurance policy which is not before the Court and which is irrelevant to DRBA's obligation to pay maintenance and cure concurrently with the need.

24.    DRBA has failed to join an indispensable party.

25.    The Complaint fails to set forth facts which constitute a valid defense to DRBA's obligation to pay maintenance and cure concurrently with the need.

## COUNTERCLAIM

As and for a counterclaim, defendant upon information and belief alleges as follows:

1.    As set forth in the Complaint defendant became injured while in the service of one of DRBA's ferries on December 24, 2004 and DRBA made arrangements to pay him 100% of his base wages for 90 days and 60% of his base wages thereafter until October 27, 2006, when the maintenance payments were discontinued but DRBA agreed to continue paying the medical expenses ("cure").

2.    Since October 27, 2006 defendant has been paid no maintenance whatsoever, and DRBA's refusal to pay the maintenance is unreasonable and without reasonable justification and has no basis under the general maritime law.  DRBA bases its refusal upon a dispute under an insurance policy which DRBA purchased to cover all of its employees, seamen and non-seamen, and DRBA unilaterally considered the payments made pursuant to this policy to be in satisfaction of its obligation to pay maintenance even though similar payments are made to non-seamen employees and defendant would be entitled to continue receiving such payments after DRBA's maintenance obligation came to an end if the policy provisions are met.

3.    DRBA has also failed to pay all of defendant's earlier medical expense and recently interfered with his treatment by his treating doctor by refusing to allow treatment without a written authorization and then withholding the writing unreasonably.  DRBA has since agreed to be responsible for meeting defendant's continuing medical expenses even though it refuses to pay his maintenance, and  this has caused defendant to suffer great pain and suffering unnecessarily in addition to the increased pain and suffering caused by the delay in getting medical treatment.

4.    Defendant has been caused to draw upon his other assets in order to pay his reasonable board and lodging expenses, and this has caused great hardship.  When these assets are exhausted, defendant's credit rating will be impaired and he will have great difficulty meeting his obligations and will lose his house to foreclosure if he is unable to make the mortgage payments.

5.    By reason of the foregoing, defendant claims of DRBA his maintenance and cure, prejudgment interest, consequential and punitive damages and attorney's fees and costs and such other relief as is available under the general maritime law.

**WHEREFORE,** defendant demands that the Complaint be dismissed; that he recover his maintenance and cure, prejudgment interest, consequential and punitive damages and attorney's fees and costs and such other relief as the Court deems just in the premises.

SEITZ VAN OGTROP & GREEN, P.A.

_/s/ Bernard A. Van Ogtrop_____
/s/ Bernard A. Van Ogtrop (ID#447)
BERNARD A. VAN OGTROP, ESQ. (447)
Bvanogtrop@svglaw.co
222 Delaware Avenue Suite 1500
Wilmington, DE 19899
(302) 888-0600
Attorneys for defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2007, I electronically filed with the Clerk of

Court Answer to Complaint with Counterclaim using CM/ECF which will send notification of

such filing to the following:


Carmella P. Keener, Esq.
Jeffrey S. Goddess, Esq.
Rosenthal, Monhait & Goddess, P.A.
919 N. Market Street, Suite 1401
Citizens Bank Center
P. O. Box 1070
Wilmington, DE  19899

Mary Elisa Reeves, Esq.
Donna Adelsberger & Associates, P.C.
6 Royal Avenue, P. O. Box 530
Glenside, PA  19038-0530


       /s/ Bernard A. Van Ogtrop
Bernard A. Van Ogtrop. (DE #447)
bvanogtrop@svglaw.com
Attorney for Defendant