IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DELAWARE RIVER & BAY
AUTHORITY

C. A. No. 07-00008-SLR

v.

JAN D. KOPACZ

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

**Introduction: A few of DRBA's statements in its Background section are incorrect.**

DRBA suggests that the issue which the Court must decide is whether DRBA's conduct in refusing to pay maintenance was wrongful, thus subjecting it to consequential damages. That is only partially true. Kopacz also seeks attorney's fees and punitive damages, and proof to justify those recoveries is different.

DRBA also states that DRBA is liable for maintenance "unless it is provided by others at no expense to the seaman." It cites *Shaw v. Ohio River Co., 526 F.3rd 193 (3rd Cir. 1995)* as its authority for this statement. *Shaw* does not so hold and, in fact, Shaw's holding precludes DRBA from taking a credit for the long term disability payments by Hartford, as discussed in Kopacz's Trial Brief.

A.  **Evidence of the earlier litigation and harassment of Kopacz while on the job is clearly relevant.**

DRBA suggests that Kopacz wants to relitigate the August 2002 accident, but that is not the case. Kopacz estimates that it will take 1 to 1 ½ hours to present his entire case, which consists of the testimony of two witnesses. It would take far longer than that to relitigate the earlier case.

The Court can certainly take judicial notice of its own records and those of the appellate court to which an appeal of that case was taken. Indeed, the Court will have to read the appellate decision because it will be controlling on the issue of Kopacz's right to punitive damages. There are parts of that record to which Kopacz will refer on the issue of whether DRBA's failure to pay

maintenance was in bad faith. Proof of bad faith is required to support an award of attorney's fees and costs. *See Deisler v. McCormack Aggregates Co., 54 F.3d 1074, 1087 (3rd Cir. 1995)*. The standard for awarding punitive damages has not yet been determined, but if allowed punitive damages may require a finding that a vicious motive was involved. Evidence of bad blood between the parties, as shown by the litigation from the August 2002 accident and the harassment of Kopacz prior to the denial of maintenance which is involved in this case, is certainly relevant to those issues as it is to the issue of bad faith itself.

### B. Evidence of what Kopacz suffered by reason of not having his maintenance paid should not be excluded.

Kopacz was deposed for three hours or so on July 18, 2007. The deposition was taken so late in the discovery period simply because DRBA did not seek a deposition until very late in the discovery period. During that deposition DRBA was unfettered in its discovery, and it was free to delve as deeply as it wished to determined the extent of what Kopacz suffered since Kopacz's counsel did not interfere at all.

Likewise, DRBA waited until the very end of discovery before serving interrogatories, so it should not complain that the answers to its interrogatories came late in the discovery period. Its arguments suggest that both the interrogatories and deposition were conducted in an effort to make a record that for some reason or other some of Kopacz's evidence should be precluded.. This argument should carry very little weight since a jury is not involved, and the Court is much more sophisticated when examining evidence that is offered.

The argument about lack of expert testimony is also unconvincing. Maintenance cases are intended to be free of unnecessary technicalities, and the seaman's burden is light. For example, records that are ordinarily considered to be hearsay can nevertheless be admitted on some other basis. *See Sana v. Hawaiian Cruises, Ltd., 181 F. 3rd 1041 (9th Cir. 1999)*.

Finally, as anyone suffering from high blood pressure knows, that condition can be controlled by medication for years but it can nevertheless be aggravated by stressful circumstances. Kopacz can certainly testify to his condition, including hypertension, before the maintenance was stopped, and how stressed he was by reason of having to forgo monthly payments. The Court is certainly more than competent enough to decide how seriously Kopacz was affected by the failure to get his maintenance. In short, the evidence should be permitted.

## Conclusion

For the foregoing reasons, DRBA's Motion in Limine should be denied.

                                                    Respectfully,

E. Alfred Smith and Associates              Seitz, VanOgtrop and Green, P.A.

/s/ E. Alfred Smith                                /s/ Bernard A. VanOgtrop
E. Alfred Smith                                      Bernard A. VanOgtrop (447)
Smithsealaw1@verizon.net                Bvanogtrop@svglaw.com
Attorneys for Defendant                     222 Delaware Ave., Suite 1500
                                                Wilmington, DE 19899
                                                (302)888-0600
                                                Attorneys for Defendant

## CERTIFICATE OF SERVICE

       I, Bernard A. Van Ogtrop ID#447, hereby certify that on this 23rd day of August, 2007, I electronically filed the following document with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record:

       Defendant's Response to Plaintiff's Motion in Limine

       /s/ Bernard A. Van Ogtrop (ID No.447)