## ROSENTHAL, MONHAIT & GODDESS, P. A.
### ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET

P. O. BOX 1070

WILMINGTON, DELAWARE 19899-1070

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

TELEPHONE (302) 656-4433

FACSIMILE (302) 658-7567

September 14, 2007

**VIA HAND DELIVERY AND CM/ECF**

The Honorable Sue L. Robinson
United States District Court for the
District of Delaware
844 King Street
Wilmington, DE 19801

Re:    **DRBA v. Jan D. Kopacz, D. Del. C.A. No. 07-0008-SLR**

Dear Judge Robinson:

In light of its impact on the upcoming trial in the referenced matter, we enclose the Third
Circuit's Opinion in *Kopacz v. Delaware River & Bay Authority*, No. 06-3585 (Roth, C.J., Sept. 12,
2007), on appeal from D.Del., No. 04-cv-00911-GMS. The decision clarifies the standards under
which consequential damages, attorneys' fees, pre-judgment interest and punitive damages can be
awarded against a shipowner for failure to pay maintenance and cure.

Plaintiff's counsel are available at the Court's convenience should Your Honor have any
questions in this regard.

Respectfully,

*/s/ Carmella P. Keener*
Carmella P. Keener (DSBA No. 2810)
ckeener@rmgglaw.com
*Attorneys for Plaintiff*
*Delaware River and Bay Authority*

CPK/cmw
Enclosure
cc:    Bernard A. Van Ogtrop, Esquire (via electronic filing)
       E. Alfred Smith, Esquire (via electronic filing)
       Mary Elisa Reeves, Esquire (via electronic mail)

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3585

_____

JAN KOPACZ; CATHY KOPACZ

v.

DELAWARE RIVER AND BAY AUTHORITY;
CRAIG SWETT*

(D. C. No. 04-cv-00911)


JAN KOPACZ

v.

DELAWARE RIVER AND BAY AUTHORITY

(D. C. No. 04-01281)


Jan D. Kopacz and Cathy Kopacz,

Appellants.

*(Dismissed per Court order of 10/31/06)

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 04-cv-00911)
District Judge:   Hon. Gregory M. Sleet

_____

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2007


Before:  SLOVITER, ALDISERT and ROTH, Circuit Judges

(Opinion filed: September 12, 2007)

---

OPINION

---

**ROTH,** Circuit Judge:

Jan Kopacz brought suit against the Delaware River and Bay Authority seeking maintenance and cure, compensatory damages, and punitive damages for an injury that he alleged occurred when he was struck by a car while working aboard a Delaware River and Bay Authority ferry.  The District Court granted the Delaware River and Bay Authority's motion for partial summary judgment as to punitive damages and dismissed Kopacz's claim for such.  At trial, the jury awarded Kopacz maintenance and cure and certain other damages, as well as compensatory damages.

The Delaware River and Bay Authority moved for judgment as a matter of law regarding compensatory damages.  The District Court granted the Delaware River and Bay Authority's motion and amended the judgment accordingly.  The District Court also denied Kopacz's motion for attorney fees and costs and prejudgment interest.

Kopacz appealed, arguing that the District Court erred in (1) granting the Delaware River and Bay Authority's motion for judgment as a matter of law as to compensatory

damages; (2) denying Kopacz's motion for attorneys' fees and costs and prejudgment interest; (3) granting partial summary judgment as to punitive damages; (4) denying the production of materials deemed to be work product; and (5) ruling to prevent certain questioning during trial. For the reasons set forth below, we will affirm the judgment of the District Court.

The District Court had jurisdiction under 46 U.S.C. § 688 (Jones Act), 28 U.S.C. § 1333 (federal question), and 28 U.S.C. § 1367 (supplemental jurisdiction). We have jurisdiction under 28 U.S.C. § 1291.

## I. Analysis

### A. Judgment as to Compensatory Damages

Our review of a grant of judgment as a matter of law is plenary. *Johnson v. Campbell*, 332 F.3d 199, 204 (3d Cir. 2003). "[W]e apply the same standard as the District Court, that is, whether, viewing the evidence in the light most favorable to verdict, a reasonable jury could have found for the prevailing party," and we grant judgment as a matter of law "where 'the record is critically deficient of the minimum quantum of evidence' in support of the verdict." *Id.*

Kopacz argues that the District Court should not have granted the Delaware River and Bay Authority's post-verdict motion for judgment as a matter of law because the Delaware River and Bay Authority did not make such a motion at the close of all the evidence. *See* FED. R. CIV. P. 50(b). We find that a discussion amongst counsel and the District Court of post-trial motions during an in-chambers conference constituted a renewal of the Delaware

3

River and Bay Authority's motion. As such, the Delaware River and Bay Authority was not foreclosed from renewing its motion post-verdict.

With respect to the substance of the motion, an employee may recover consequential damages, including lost wages, pain and suffering, and attorneys' fees and costs, "[if] the shipowner unreasonably refuses to pay a marine employee's claim for maintenance and cure." *O'Connell v. Interocean Mgmt. Corp.*, 90 F.3d 82, 84 (3d Cir. 1996). No reasonable jury could have found that the Delaware River and Bay Authority unreasonably withheld maintenance and cure. The record shows that the Delaware River and Bay Authority did not believe that the car accident that formed the basis for Kopacz's claim occurred. There were no witnesses to the alleged accident besides Kopacz. The jury in fact found that Kopacz had not been struck and injured by the car.

Although there is evidence that Kopacz was taken to the hospital on the day of the alleged accident and was there declared unfit for duty, there is no evidence that any incident on board the ship other than the accident could have caused Kopacz injury. In addition, Kopacz had a history of health problems, of which the Delaware River and Bay Authority was aware, that could have accounted for his difficulties in the absence of an accident.

We find that the jury's conclusion that the Delaware River and Bay Authority unreasonably withheld maintenance and cure and that Kopacz was entitled to damages was not supported by the evidence. Accordingly, we will affirm the District Court's grant of the Delaware River and Bay Authority's motion for judgment as a matter of law.

**B. Counsel Fees and Prejudgment Interest**

4

Kopacz contends that the District Court erred in denying him attorneys' fees and costs. Our review of an award of counsel fees is for abuse of discretion. *Diesler v. McCormack Aggregates, Co.*, 54 F.3d 1074, 1087 (3d Cir. 1995).

Attorney fees and costs "cannot be recovered unless plaintiff can first establish defendant's bad faith or recalcitrance." *Id.* A finding of "bad faith" or absence thereof is reviewed for clear error. *See Baker Indus. v. Cerberus, Ltd.*, 764 F.2d 204, 209-10 (3d Cir. 1985). In light of our finding that the Delaware River and Bay Authority did not act unreasonably in denying maintenance and cure, we affirm the District Court's denial of attorneys' fees and costs.

With respect to Kopacz's contention that he is entitled to prejudgment interest, "the calculation and award of prejudgment interest in admiralty...is a matter left to the sound discretion of the district court." *M&O Marine, Inc. v. Marquette Co.*, 730 F.2d 133, 136 (3d Cir. 1984). The record below does not illuminate the District Court's reasoning in denying Kopacz prejudgment interest, although the parties' briefings on this issue before the District Court are similar to those on appeal.

The parties dispute whether prejudgment interest is even recoverable in a Jones Act or general maritime law case and whether prejudgment interest is properly an issue for the jury. We consider that Kopacz is not entitled to prejudgment interest in any event. As we stated in *Diesler*, "Prejudgment interest has traditionally been part of the *compensation* due to a plaintiff....Interest must be allowed if plaintiff is to be truly made whole for defendant's breach of its duty to provide maintenance and care." *Diesler v. McCormack Aggregates, Co.*,

5

54 F.3d 1074, 1087 (3d Cir. 1995) (emphasis added). The record shows Kopacz was paid

sick and annual leave (the equivalent of his wages for the first ninety days of his disability

and sixty percent of his wages thereafter) for all but just over a month of the period when he

was found to be due maintenance and cure. Following trial, he was awarded maintenance

(again the equivalent of his wages for ninety days and sixty percent thereafter), sick and

annual leave (also based on his wages), and medical expenses. On this record, awarding

Kopacz prejudgment interest would be punitive rather than compensatory.

### C. Punitive Damages

Kopacz also argues that the District Court erred in dismissing his claim for punitive

damages on summary judgment. Our review of a grant of summary judgment is plenary and

requires us to view the facts in the light most favorable to the non-moving party. *Gottshall*

*v. Consol. Rail Corp.*, 56 F.3d 530, 533 (3d Cir.1995). Summary judgment is appropriate if

there are no genuine issues of material fact and the movant is entitled to judgment as a matter

of law. FED. R. CIV. P. 56(c).

As both parties' briefs reflect, case law addressing the issue of punitive damages in

admiralty cases has generally turned on an analysis of *Miles v. Apex Marine Corp.*, 498 U.S.

19 (1990). In *Miles*, the Supreme Court held that "[i]t would be inconsistent with our place

in the constitutional scheme were we to sanction more expansive remedies in a judicially

created cause of action in which liability is without fault than Congress has allowed in cases

of death resulting from negligence." *Miles*, 498 U.S. at 32-33 (1990).

We have not yet directly addressed whether *Miles* proscribes recovery of punitive

6

damages for failure to provide maintenance and cure. We have previously recognized,

however, as Kopacz concedes, that the majority of courts do not allow punitive damages for

even arbitrary and willful refusal to pay maintenance and cure. *O'Connell v. Interocean*

*Mgmt. Corp.*, 90 F.3d 82, 84 (3d Cir. 1996).[1] Although the *Miles* case addressed a wrongful

death action brought under general maritime law, the holding is applicable in this case

because the failure to provide maintenance and cure is similarly "a judicially created cause

of action in which liability is without fault."[2] Accordingly, we will follow the majority of

courts and hold that punitive damages are not recoverable for the Delaware River and Bay

Authority's failure to provide maintenance and cure.[3]

### D. Discovery Order and Ruling as to Testimony

Kopacz challenges the District Court's refusal to compel the production of certain

documents and to allow certain questioning at trial. We review the District Court's

evidentiary rulings and discovery orders for abuse of discretion. *Moyer v. United Dominion*

[1] In *O'Connell*, we noted that the Second, Fifth, Sixth, and Ninth circuits all disallow punitive damages in such cases, although the Ninth Circuit has since clarified that while punitive damages may not be recovered in failure to provide maintenance and cure cases, they may be available in other claims under general maritime law. *In re Exxon Valdez*, 270 F.2d 1215, 1227 (9th Cir. 2001).

[2] Kopacz relies in part on *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996). The facts of *Yamaha* are distinct from those of this case, where a seaman and a federal statute are involved.

[3] Our view is also consistent with Judge Irenas's conclusion in *Jackson v. Delaware River & Bay Authority*, a case that we affirmed, although the issue of punitive damages was not considered on appeal. *Jackson v. Del. River & Bay Auth.*, 334 F. Supp. 2d 615, 616 n.2 (D.N.J. Feb. 27, 2004), *aff'd*, 114 Fed. Appx. 511 (3d Cir. 2004) ("[P]unitive damages may not be awarded in a seaman's personal injury case under the Jones Act.").

7

*Indus., Inc.*, 473 F.3d 532, 542 (3d Cir. 2007); *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000). The District Court's findings of fact underpinning such orders are reviewed under a clearly erroneous standard. *See Diesler*, 54 F.3d at 1079.

With respect to Kopacz's argument that the District Court should have ordered the production of certain documents, the District Court specifically reviewed all of these documents *in camera* and found that they were prepared in anticipation of litigation. Based on the record before us, we cannot conclude that the District Court's determination in that respect constituted clear error, or that the District Court abused its discretion in denying the production of these documents.

In addition, Kopacz contends that the District Court erred in preventing counsel from questioning a witness about opinions she had received from two lawyers regarding Kopacz's entitlement to maintenance. Based on the record before us,[4] we are unable to conclude that the District Court abused its discretion in disallowing this testimony.

## II. Conclusion

For the reasons set forth above, we will **affirm** the judgment of the District Court.

---

[4]Our review of this issue is difficult because, as admitted in Kopacz's brief, the parties apparently failed to order a transcript for the relevant portion of the trial.