IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DELAWARE RIVER AND BAY
AUTHORITY

        Plaintiff                C. A. No. 07-0008-SLR

  v.

JAN D. KOPACZ

        Defendant

## POST-TRIAL REPLY BRIEF OF
## JAN D. KOPACZ, DEFENDANT

SEITZ VANOGTROP AND GREEN. P.A.
Bernard A. VanOgtrop (DSBA No. 447)
222 Delaware Ave., STE 1500
Post Office Box 68
Wilmington, DE 19899
302-888-7601
Bvanogtrop@svglaw.com

Of counsel:

E. Alfred Smith
E. Alfred Smith and Associates
219 Sugartown Road Ste D-302
Wayne, PA 19087
610-254-8209
Smithsealaw1@verizon.net

## **TABLE OF CONTENTS**

Cover Page .................................................................................................................. i

Table of Contents........................................................................................................ ii

Table of Authorities ................................................................................................... iii

Argument .................................................................................................................... 1

Conclusion .................................................................................................................. 3

## TABLE OF AUTHORITIES

*McCarthy v. American Eastern Corp.*, 175 F.2d 727,729 (3rd Cir. 1949) *cert. den.* 338 U.S. 911 (1950)..................................................................................................2

*Gooden v. Sinclair Refining Co.*, 378 F. 2d 576, 580 (3RD Cir. 1967) ...............................2

## **ARGUMENT**

Defendant (Kopacz) does not understand plaintiff's (DRBA's) argument because (1) it suggests that Kopacz is speculating and then engages in extensive speculation of its own to make its arguments; and (2) it frequently talks about Kopacz repaying what he received from Hartford as "maintenance" and says this repayment shows that he has been fully compensated for his maintenance. Kopacz does not understand how a repayment shows that he has been fully compensated.

Kopacz asks that the Court keep the following in mind when considering the contentions in DRBA's Reply Brief:

1. Kopacz has not yet received his full maintenance for the two years he was unfit for duty.

2. Of the amount Kopacz has received he faces an immediate claim for repayment of $16,607.92 reduced by the amounts of the monthly benefits which Hartford did not pay from October 2006 until April 2007.

3. Kopacz faces a certain claim for a repayment of the remainder of the $38,515.30 paid by Hartford from the recovery which Kopacz expects to make in the state court proceeding.

4. Kopacz faces a probable claim for repayment of the full $38,515.30 on the basis that Hartford made an error in paying him since the decisions that maintenance is not "Other Income Benefits" were made by two low level, non legally trained employees.

1

5. There is no claim for maintenance or found in the state court proceeding, so maintenance is irrelevant in that matter unless DRBA raises it, which it suggests it will (Pages 2

and 3 of the Reply Brief)

6. Recovery of maintenance prevents a seaman from claiming found in the Jones Act suit, and this is simply the value of his board and lodging while he was on the vessel. *See McCarthy v. American Eastern Corp.*, 175 F.2d 727,729 (3rd Cir. 1949) *cert. den.* 338 U.S. 911 (1950); *Gooden v. Sinclair Refining Co.*, 378 F. 2d 576, 580 (3RD Cir. 1967). As mentioned, there is no claim for found in the state court action, so there can't be a double recovery in that action.

7. DRBA does not dispute that Hartford is entitled to claim credits in accordance with its policy provisions, so it is undisputed that Kopacz does not have clear title to the sums which Hartford has paid heretofore. This concession by DRBA destroys any suggestion that Kopacz waived his right to maintenance by accepting the Hartford payments because his receipt of those payments was always subject to the repayment provisions in the policy. When counsel tried to get Hartford to waive one of those provisions, it would not do so. Hartford has already invoked a repayment provision to claim repayment of $16,607.92, and there is no doubt it will assert a claim to recover the remaining sums which it paid Kopacz. Kopacz, upon repayment, will have received no maintenance whatsoever.

8. This lawsuit would have been avoided in its entirety had DRBA met its legal obligation and paid Kopacz his maintenance without referring him to Hartford. DRBA would then never have sought repayment of the Social Security payments in accord with its past practice of not seeking recovery of these from its disabled seamen. Social Security has been in force since 1938, and it is striking that there are no decisions whatsoever on the issue of whether a shipowner is entitlement to a credit for these payments because over the past seventy years there have no doubt been thousands of seamen who have received Social Security while on maintenance and no shipowner has sought a judicial decision concerning its entitled to a credit for these payments.

## CONCLUSION

For the foregoing reasons Kopacz urges this Court to grant him the relief sought in his earlier Brief.

Respectfully,

/s/ Bernard A. VanOgtrop (DSBA #447)
SEITZ VANOGTROP AND GREEN P.A.
222 Delaware Ave., Ste 1500
Post Office Box 68
Wilmington, DE 19899
302-888-7601
Bvanogtrop@svglaw.com

Of counsel:
E. Alfred Smith
E. Alfred Smith and Associates
219 Sugartown Road Ste D-302
Wayne, PA 19087
610-254-8209
Smithsealaw1@verizon.net